# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| HORACIO UFFRE, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| v. | ) | Civil No. 09-513-P-H |
| | ) | (Criminal No. 08-134-P-H) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

After *de novo* review, I **Affirm** the Recommended Decision of the Magistrate Judge.

First, the defendant/petitioner explicitly disclaims any challenge to his heroin and cocaine base conspiracy conviction. He limits his argument concerning ineffective assistance of counsel to the firearm enhancement and its effect on the Safety Valve. Objections to Magistrate's Report and Recommendation to Petitioner's Mot. under § 2255 at 1-2 (Docket Item 19).

Second, I agree with the Magistrate Judge on that issue, and add the following observations: The defendant agreed specifically to the Prosecution Version at the Rule 11 hearing, agreeing that it was true to his personal knowledge that he had been residing at a particular street address with a co-defendant. That is the address where a search, pursuant to a warrant, yielded multiple bags of heroin and cocaine base; letters from both private companies and a public official addressed to this defendant at that address; and a firearm

and bullet-proof vest in the bedroom at that address occupied by the co-defendant. The defendant pleaded guilty to conspiring to distribute and to possess with intent to distribute both heroin and cocaine base up through the date of that particular search and seizure.

For such a narcotics offense, the Guidelines state: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." USSG § 2D1.1(b)(1). The prosecution version—that the defendant here agreed was true—established the defendant's constructive possession of the firearm. At that point, the burden shifted to the defendant to show that there was *no* connection between the firearm and drugs. "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG Manual § 2D1.1 App. Note 3. The defendant then and now has no such evidence.

The cases the defendant cites that involve prosecutions for crimes involving possession of a firearm are inapposite. See, e.g., Watson v. United States, 552 U.S. 74 (2007); Bailey v. United States, 516 U.S. 137 (1995); Smith v. Timmon, 508 U.S. 223 (1993). Unlike those cases, the firearm here is not an element of the offense, simply a Guidelines enhancement. The one case the defendant cites that is an enhancement case like this one, states: "To justify a firearms enhancement, the government must either establish by a preponderance of the evidence that the firearm was present at the site of the

2

charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction." United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006).  Here, the government clearly satisfied the first requirement—that the firearm was present at the site of the crime.  This case is unlike Stallings, where the government established only that handguns were present in a defendant's home "where no one suggested that any activities related to the conspiracy ever took place." Id. at 1221.  Since here the firearm was present at the site of the charged conduct, according to Stallings, "then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" Id.  This the defendant fails to do.  The 2-level enhancement was properly applied.  I also observe that at the sentencing the defendant heard his lawyer waive the firearm issue and then agreed that it was his understanding that there was no longer any dispute about the contents of the presentence report, which explicitly applied the firearm enhancement.  Given the evidence resulting from the search and seizure—the weapons and drugs at a residence where the defendant was receiving mail—there was no Strickland violation. Strickland v. Washington, 466 U.S. 668 (1984).

Finally, since the drug enhancement was properly applied, the safety valve was not available to the defendant.  USSG § 5C1.2.

Accordingly, the motion to vacate, set aside or correct sentence is **DENIED**.

No certificate of appealability shall issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 25TH DAY OF JUNE, 2010**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**